### S. M. HEWITT *v.* J. H. RICHART.

**Vendor's Liens—Pleading.**
> When purchase-money remains unpaid at the time land is conveyed the grantor has no lien on the land unless it is stated in the deed what part of the purchase-money remains unpaid.

**Pleading.**
> A petition to enforce a vendor's lien on real estate is fatally defective which alleges only that a lien exists in plaintiff's favor. This is a mere conclusion.

#### APPEAL FROM BATH CIRCUIT COURT.

April 5, 1876.

OPINION BY JUDGE LINDSAY:

No personal judgment was rendered against Mrs. Sarah M. Hewitt, but her land was adjudged to be sold to satisfy the amount apparently due on the note sued on, including interest at the rate of ten per cent. per annum.

It is averred in the petition that John D. Young, the vendor of the land, had conveyed to Mrs. Hewitt. The petition does not state facts showing that the appellee holds a lien upon the land to secure the payment of the note. The only averment on the subject is, "Plaintiff states that a lien exists in his favor on said forty acres, 2 roods and 30 poles of land for his debt with interest thereon, etc." This is but the averment of a legal conclusion.

When the deed from Young to Mrs. Hewitt was executed and delivered the Revised Statutes were in force. Sec. 26, Chap. 80, Rev.

Stat., provided, when purchase money remained unpaid on land at the time a conveyance was made, the grantor should not have a lien for the same unless it was expressly stated in the deed what part of the consideration remained unpaid; and this limitation upon the rights of the vendor was held in various cases to operate as well in favor of the vendee as of creditors and purchasers.

The petition does not show that it is stated in the deed to Mrs. Hewitt that the sum evidenced by the note sued on remained unpaid, at the time of its execution. The deed is referred to as being of record in the proper office in Bath county, but a copy is not filed in the cause. It is impossible, therefore, from appellee's petition and exhibits, to determine that the legal conclusion averred by him is correct. It is true the note states that it is "mentioned in the deed already delivered." This recital might be sufficient evidence to sustain the necessary allegations if it had been made in the petition, but in the absence of such allegations and of the deed itself, it is not sufficient to authorize the sale of the appellant's lands.

Judgment *reversed.* Upon the return of the cause, appellant will be allowed to answer and make defense.

*B. D. Lacy, for appellant.    J. S. Hunt, for appellee.*